TuRLey, J.
delivered the opinion of the court.
This is an action of ejectment brought to recover two lots, No. 9 and 10, in McMinnville.
It is obvious from an examination of the record, that neither the plaintiff or defendant has any legal title to the premises, properly derived, and upon which a recovery could be effected.
In this state of a case, in general, the position of the defendant is better than that of the plaintiff, as it is a principle, that one trespasser shall not be turned out to make room for another; but it is argued to be different here, because the defendant came into possession under such circumstances, as estops him from disputing the plaintiff’s right to recover. It appears that the plaintiff claimed the lots by an irregular title, and there is proof tending to show, that one Jewel in 1831, took possession of the premises under the plaintiff recognizing his title, and upon a verbal contract for purchase, which appears never to have been completed. Jewel improved the lots and remained in possession till 1837, when he left the country, previously thereto, in 1836, having sold and conveyed them to James Dick and H. R. W. Hill, who took possession, first by one Young, and then by the present defendant. The court charged the jury that if the proof satisfied them, that Jewel originally rented the place *615 from the plaintiff, and after, having occupied it as a tenant, had made a verbal contract of purchase, and continued the possession under such contract, he would yet be his tenant at will, and as such, would be estopped from disputing plaintiff’s title, unless he had set up to hold adversely for seven years with the knowledge of the plaintiff, and intimated an'opinion, that Hill & Dick, purchasers from Jewel, would be in no better position.
In this, the, circuit judge was surely right, and there being no pretence, that there was any such continued adverse possession, as would change the relation as is proved to exist between the parties, the only question left is, whether this relation did exist, and to what extent.
We have seen that there is proof in the record, showing that Jewel took possession under the title of the plaintiff.
The circuit judge decided the law upon the proposition correctly, and the jury have found a verdict in accordance therewith; this, according to well settled principles in this court will not now be disturbed.
For an exposition of the law, upon the relation here shown to exist, see 12 Peter’s 295, 9 Yerg. 86, 10 Yerg. 476, Meigs R., the case of Meadows vs. Hopkins.
But it has been contended, that the plaintiff, being a free negro, has no right to hold land, and of course, no power, to bring an action for its recovery. We do not deem it necessary, to enquire how high an estate in lands a free negro may hold, as that can only-be done in a controversy between the State and himself, but we hold that he may have a right to the possession of real estate, and the right to a possessory action, when he has been deprived of it. But if there was any doubt upon this question, it may well be observed, that in as much as Robbins in 1831, received a deed of conveyance, purporting to be from the heirs of Matthews for the premises in dispute, and having-held possession by his tenants, Jewel and others, for more than seven years, he has acquired a legal title by operation of the statute of limitations.
Upon the whole then, we think there is no error in the proceedings of the court below and affirm- the judgment.